UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL A. BILLINGS,

    Plaintiff,

v.

File No. 1:14-CV-1295

HON. ROBERT HOLMES BELL

SETERUS, INC.,

    Defendant.

_____/

**O P I N I O N**

    This is a mortgage foreclosure case. The matter is before the Court on Defendant Seterus' motion to dismiss Plaintiff's complaint (ECF No. 1-1). (ECF No. 5.) On February 20, 2015, the Court issued an order requiring Plaintiff, if he intended to file a response, to do so by March 2, 2015, as an attachment to a motion to allow late filing. (ECF No. 6.) Plaintiff filed a response (ECF No. 9), to which Defendant filed a reply (ECF No. 10). For the reasons that follow, Defendant's motion is granted in part and denied in part.

I.

    This matter involves the property located at 1355 Leonard Avenue, Muskegon, Michigan. On February 22, 2007, Plaintiff entered into a mortgage loan transaction with First Magnus Financial Corporation. In connection with this loan, Plaintiff executed a promissory note in the amount of $104,800 (Compl. ¶ 5ECF No. 1-1, Note, ECF No. 5, Ex. 1), as well as a mortgage on the property, with Mortgage Electronic Registration Systems ("MERS") as the mortgagee (Mortgage, ECF No. 5, Ex. 2). The loan was serviced by Bank of America Home Loan Servicing f/k/a Countrywide Home Loan Servicing, and the mortgage was then assigned to Federal National Mortgage Association ("Fannie Mae") on April 13, 2012. (Compl. ¶ 6, ECF No. 1-1; Assignments, ECF No. 5, Ex. 3.) Defendant is the servicer for Fannie Mae.

Plaintiff defaulted on the loan in November 2011. (Compl. ¶ 8.) Defendant entered a loan modification agreement with Plaintiff on July 30, 2012. (Compl. ¶ 9; Loan Modification, ECF No. 5, Ex. 5.) Plaintiff again became delinquent on the modified loan payments as of August 2013. (Compl. ¶ 9.) In October 2013, Plaintiff filed a second loan modification application and a loss mitigation application. (Compl. ¶ 11-12.) Plaintiff and Defendant disagree whether Plaintiff had submitted a completed application by December 2013. Defendant sent Plaintiff a notification letter on December 2, 2013, requesting additional information. (Notification Letters, ECF No. 5, Ex. 6.) Plaintiff claims he complied with the request. (Compl. ¶ 13.) Defendant sent Plaintiff another letter on April 25, 2014, claiming that Plaintiff had failed to submit financial documents. (Notification Letters, ECF No. 5, Ex. 6.) However, the terms of the letter suggest that Defendant had allowed Plaintiff's previously submitted materials to expire in March 2014. (*Id.*)

Defendant initiated foreclosure by advertisement pursuant to the terms of the Mortgage, and the sale occurred on May 16, 2014. (Sheriff's Deed, ECF No. 5, Ex. 7.) On May 14, Plaintiff had faxed the financial documents requested in the April 25 letter. (Compl. ¶ 25; Def.'s Br. at 6.) Defendant claims it advised Plaintiff's attorneys that it could not timely process the loan modification request prior to the Sheriff's Sale. (Def.'s Br. at 6.) Plaintiff, however, has asserted his attorneys spoke with at least three representatives from Seterus on specific dates, who indicated that Defendant had received the documents and the representatives would request management to postpone the Sheriff's Sale. (Compl. ¶¶ 15, 16, 17.) Nevertheless, Defendant proceeded with the Sheriff's Sale. Plaintiff did not redeem the property within the statutory redemption period, which expired on November 16, 2014.

On November 6, 2014, Plaintiff instituted this action in the Muskegon County Circuit Court. *See Paul A. Billings v. Seterus, Inc.*, Case No. 14-69793. On December 18, 2014, Defendant filed a notice of removal in this Court. (ECF No. 1.)

2

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a party may assert "failure to state a claim upon which relief can be granted" as an affirmative defense. A Rule 12(b)(6) motion to dismiss requires the Court to "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but the Court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Under the federal notice pleading standards, a complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Plaintiff must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 677).

The Court may consider the complaint in its entirety, documents referenced in the complaint and pleadings, matters of public record, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.* 551 U.S. 308, 323 (2007).

### III.

Plaintiff's complaint raises four claims: (1) wrongful foreclosure; (2) breach of Michigan's foreclosure statute, Mich. Comp. Laws § 600.3205c; (3) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f); and (4) common law negligence. Defendant moves to dismiss all four claims.

### A.

Defendant argues that Plaintiff lost standing to bring his claim for wrongful foreclosure by failing to redeem the property before the statutory redemption period expired. (Def.'s Br. at 9.) The Court agrees. Under Michigan law, "[i]f a mortgagor fails to avail him or herself of the right of redemption, all of the mortgagor's rights in and to the property are extinguished." *Bryan v. JPMorgan Chase Bank*, 848 N.W.2d 482, 485 (Mich. Ct. App. 2014) (citing *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514 (Mich. 1942)). *See* Mich. Comp. Laws § 600.3286. Absent a "clear showing of fraud, or irregularity" in the foreclosure proceedings, Plaintiff has no standing to challenge the sale. *Bryan*, 848 N.W.2d at 485 (citations omitted.) *See also Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359–60 (6th Cir. 2013).

Plaintiff has alleged that Defendant's representatives indicated that they would request a postponement of the Sheriff's Sale. Their indications, however, do not amount to fraudulent misrepresentations. Additionally, the representatives' indications that Defendant had received the required loan modification documents does not constitute fraud. At any rate, fraud in the negotiation of a loan modification is an insufficient basis to establish standing to challenge an executed foreclosure. *Conlin*, 714 F.3d at 360 ("It is further clear that not just any type of fraud will suffice. Rather, the misconduct must relate to the foreclosure proceeding itself.") (internal quotation marks and citations omitted). Therefore, Plaintiff's claim for wrongful foreclosure must be dismissed.

**B.**

Defendant argues that it strictly adhered to the requirements of Michigan's foreclosure statute. Regardless, Defendant argues, the only remedy provided by statute is to convert the foreclosure-by-advertisement proceeding to a judicial foreclosure. (Def.'s Br. at 11, 13.)

The statute provides that, if a mortgage holder or servicer begins foreclosure proceedings in violation of Section 600.3205c, the borrower may file an action in circuit court to convert the foreclosure proceeding to a judicial foreclosure. The Sixth Circuit has noted that the right to convert a foreclosure by advertisement to a judicial foreclosure must be exercised before the foreclosure sale occurs. *Smith v. Bank of America Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012).

Even assuming that the completed foreclosure could be converted, Plaintiff has not presented evidence that there was fraud or irregularity in the foreclosure process such that he is entitled to set aside the completed foreclosure sale. Accordingly, his claim of violations of the Michigan foreclosure statute must be dismissed.

**C.**

Defendant asserts that Plaintiff is not entitled to protections under RESPA because Plaintiff did not timely provide a complete loss mitigation application as required, and Plaintiff failed to sufficiently plead a RESPA violation because he did not allege actual damages. (Def.'s Br. at 17.)

Plaintiff has offered evidence that he timely submitted required documentation to support a complete loss mitigation application. Specifically, Plaintiff points to the April 25 notification letter which demonstrates that Defendant had received the required documentation, but allowed the documents' effective dates to lapse prior to evaluating his application. (April 25 Notification Letter, ECF No. 5, Ex. 7.) Defendant is correct that Plaintiff cannot seek equitable relief under RESPA, but

Plaintiff has properly alleged actual damages, including monetary damages in the amount he owes in arrears and costs and attorney fees. Accordingly, Plaintiff has submitted sufficient evidence to survive Defendant's motion to dismiss the RESPA claim.

### D.

Defendant argues that Plaintiff's negligence claim fails as a matter of law because Defendant does not owe a duty to Plaintiff. Plaintiff alleges that Defendant breached a duty of care by failing to evaluate his loan modification request. In this case, Plaintiff has not sufficiently alleged that Defendant owed a duty of care independent of its contractual obligation. Defendant's alleged duty to review Plaintiff's loan modification request derives from the contract itself, contained in the Note, Mortgage, and Loan Modification. Accordingly, any duty of care owed by Defendant sounds in contract law, not in tort law. Accordingly, Plaintiff's negligence claim must be dismissed.

### IV.

For the reasons stated above, the Court will grant in part and deny in part Defendant's motion to dismiss. Plaintiff's claims for wrongful foreclosure (Count I of Complaint), breach of Michigan's foreclosure statute (Count II), and negligence (Count IV) are dismissed. The Court denies Defendant's motion as to Plaintiff's claims for RESPA violations (Count III).

An Order will enter in accordance with this Opinion.


Dated: April 24, 2015                     /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE